**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| RICHARD MADRIGAL, ) | | |
|     Petitioner, ) | | |
| ) | | |
| v. ) | | 3:04-CV-2535-B |
| ) | | ECF |
| DOUGLAS DRETKE, Director, Texas Dep't ) | | |
| of Criminal Justice, Correctional Institutions ) | | |
| Division, ) | | |
|     Respondent. ) | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated in the Texas Department of Criminal Justice - - Correctional Institutions Division (TDCJ-CID). He is represented by retained counsel. Respondent is the TDCJ-CID Director. The Court issued process in this case.

Statement of the Case: Following his plea of not guilty, a jury convicted Petitioner for the offenses of possession of cocaine and felon in possession of a firearm in the 4th Criminal District Court of Dallas County, Texas, in Cause Nos. F00-48115-TK and F00-48116-TK. The trial court assessed punishment at twenty-five years imprisonment for the drug possession

charge, and twenty years imprisonment for the felon in possession of a firearm charge, to run concurrently. The trial court then denied Petitioner's motion for new trial. Petitioner appealed and the Eleventh Judicial District of Texas affirmed his conviction and sentence. Madrigal v. State, Nos. 11-01-00220-CR and 11-01-00221-CR (Tex. App. -- Eastland 2002, pet ref.)

Thereafter on April 26, 2004. Petitioner sought state habeas corpus relief . Ex parte Madrigal, No. 59,278-01 and 59,278-02. On November 24, 2004, the Texas Court of Criminal Appeals denied his applications without written order. Id. at cover.

In his federal habeas petition, filed on November 24, 2004, Petitioner alleges he received ineffective assistance of trial counsel. Specifically he alleges counsel (1) failed to investigate his case fully and obtain the presence of a crucial witness, (2) failed to file a written motion for continuance based on a missing witness; (3) failed to file a motion to suppress the illegal search and seizure in this case; (4) failed to request a limiting instruction concerning evidence of extraneous offenses; (5) failed adequately to cross examine the State's witnesses to show blatant inconsistencies in their testimony; and (6) failed to prepare witnesses adequately for testimony in court.

In response to this Court's order to show cause, Respondent's filed an answer along with the state court record. Petitioner did not file a reply.

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), precludes habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of trial counsel, he must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). See also Williams v. Taylor, 529 U.S. 362, 390-91, 120 S. Ct. 1495, 1512-16 (2000); Ward v. Dretke, 420 F.3d 479, 487 (5th Cir. 2005), pet. for cert. filed (Jan 19, 2006) (No. 05-914). In evaluating a counsel's performance, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Titsworth v. Dretke, 401 F.3d 301, 310 (5th Cir. 2005) (citing Strickland, 466 U.S. at 689, 104 S. Ct. 2052), cert. denied, 126 S. Ct. 1022 (2006). In determining prejudice, a reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694, 104 S. Ct. 2052. Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697.

In his first ground Petitioner alleges that counsel failed to investigate the case and obtain the presence of Michael Garza, a crucial witness, who "would have caused a not guilty verdict." (Memorandum in Support at 10).

Allegations of a counsel's failure to investigate must include with specificity what the investigation would have revealed and how it would have altered the outcome of a defendant's case. Lockett v. Anderson, 230 F.3d 695, 713 (5th Cir. 2000). The duty to investigate includes the duty to locate exculpatory witnesses. Gray v. Lucas, 677 F.2d 1086, 1093 n. 5 (5th Cir.

1982); United States ex rel. Hampton v. Leibach, 347 F.3d 219, 236 (7th Cir. 2003).  Complaints of uncalled witnesses, however, are not favored on collateral review because allegations of what the witnesses would have testified to are largely speculative.  Evans v. Cockrell, 285 F.3d 370, 377 (5th Cir. 2002).  "'[T]o demonstrate the requisite Strickland prejudice, [a habeas petitioner] must show not only that [the] testimony would have been favorable, but also that the witness[es] would have testified . . . .'"  Id. (quoting Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985)).

      This is not a case in which counsel did nothing to locate Mr. Garza, a critical witness, who did not want to be found.  Rather, counsel tried his best to locate this hard-to-find witness.  He hired an investigator to find him and personally went to his addresses and hangouts on several occasions.  Ex parte Madrigal, No. 59,278-01, at 03-04 (trial counsel's affidavit).  Undoubtedly, counsel could have done more to try to find Garza, but counsel for a criminal defendant "is not required to pursue every path until it bears fruit or until all conceivable hope withers."  Lovett v. State of Fla., 627 F.2d 706, 708 (5th Cir. 1980).  Further, Petitioner has not shown that Garza would have been willing to testify even if found.  Under these circumstances, counsel's investigation into the whereabouts of Mr. Garza and personal efforts in trying to locate him, which were not insubstantial, constituted reasonably effective assistance of counsel.  See U.S. v. Vidales, 143 F. Appx. 52, 53 (9th Cir. 2005) (an attorney's failure to locate an exculpatory witness does not constitute ineffective assistance of counsel when evidence indicates the witness is in hiding); Bieghler v. McBride, 389 F.3d 701, 708 (7th Cir. 2004), cert. denied, 126 S. Ct. 430 (2005) (counsels' failure to find a potential alibi witness, who did not come forward before or during trial and that was discovered by chance later on, was understandable

and not a product of a constitutionally deficient investigation; counsel thoroughly reviewed police and FBI reports, and investigated witnesses who might have aided the defense); Blair-Bey v. Nix, 44 F.3d 711, 713 (8th Cir. 1995) (Counsel's failure to locate two witnesses, who did not want to be found, did not constitute deficient performance; declining to impose a duty on criminal defense attorneys to hire private investigators to locate recalcitrant witnesses); Humphrey v. McCotter, 675 F. Supp. 1043, 1046-1047 (S.D. Tex. 1987), reversed on other grounds, 861 F.2d 875 (5th Cir. 1988) (concluding that counsel's failure to subpoena a witness he could not find and whose testimony could be suspect was not unreasonable).

Petitioner has failed to show that the state court's decision rejecting this first ground was contrary to or an unreasonable application of clearly established federal law. See Miller v. Dretke, 420 F.3d 356, 360 (5th Cir. 2005) (ineffective assistance claims involve mixed questions of law and fact and, as such, are reviewed under the unreasonable application prong of § 2254(d)). His first ground should therefore be denied.

In his second ground, Petitioner alleges counsel rendered ineffective assistance when he failed to filed a written motion for continuance, instead of the oral motion made, based on Garza's status as a missing witness. While Texas Code of Criminal Procedure article 29.03 requires motions for continuance to be set forth in writing, equitable motions for continuance can be made orally as it was recognized in Petitioner's direct criminal appeal. See Madrigal v. State, Nos. 11-01-00220-CR and 11-01-00221-CR, slip op. at 3. Petitioner argues that if the written motion had been filed, "it is likely that the trial court would have granted the motion and the trial would have been delayed for a sufficient length of time to obtain Garza's presence." (Memorandum at 10). His claim is conclusory and wholly unsupported. See Ross v. Estelle,

5

694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

Even assuming Petitioner received ineffective assistance of counsel when his trial counsel failed to make a proper motion for continuance, he has not established that, but for that failure, the result of the trial would have been different. In fact the trial court could have properly overruled a written and sworn motion for continuance, just as it denied the oral motion, if appellant's trial counsel had presented one. It is undisputed that the trial had been continued on numerous occasions, and that it was unlikely that Garza could be located within a reasonable time. Madrigal v. State, Nos. 11-01-00220-CR and 11-01-00221-CR, slip op. at 3.

Petitioner cannot show that the state court's decision to reject his second ground was contrary to or an unreasonable application of clearly established federal law. His second ground should therefore be denied.

In his third ground, Petitioner alleges counsel was ineffective for failing to file a motion to suppress evidence. When an ineffectiveness claim is grounded on counsel's failure to litigate a Fourth Amendment claim, "the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." Kimmelman v. Morrison, 477 U.S. 365, 375, 106 S. Ct. 2574, 2582-83 (1986); see also Ward v. Dretke, 420 F.3d 479, 488 (5th Cir. 2005), pet. for cert. filed (2006) (No. 05-914); Martin v. Maxey, 98 F.3d 844, 848 (5th Cir. 1996); see also Garland v. Maggio, 717 F.2d 199, 205-206 (5th Cir. 1983) (rejecting petitioner's claim that his counsel was ineffective for failing to file a motion to suppress on grounds that such a motion "would not have been successful [so defendant] suffered

6

no prejudice.").

The Court finds that a suppression motion was unlikely to have succeeded on the merits. Thus, Petitioner has failed to carry his burden required by Strickland of showing that counsel's failure to present such motion constituted deficient performance and that he suffered prejudice as a result of his counsel's performance.  See Green v. Johnson, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous abjection does not cause counsel's performance to fall below an objective level of reasonableness . . . .").

In order to have prevailed on his motion to suppress, Petitioner would have needed to establish that the officers searched the vehicle without probable cause or reasonable suspicion, and that the officers entered the private home and detained him without legal basis.  The evidence shows that Officers Llewellyn and Figueroa, conducting a narcotics surveillance, observed Petitioner smoking what appeared to be a marijuana cigarette beside a vehicle outside an apartment complex along with another unknown male who appeared to be drinking alcohol. Officer Figueroa approached the car and observed Petitioner leaning into the car.  He then told them not to move.  The unknown man, however, fled and Figueroa pursued him.  Petitioner also left the scene running.  Within a minute Officer Llewellyn arrived at the scene.  He looked through the car's windows and observed in plain view a scale on the passenger's side of the back seat that appeared to have some powder on it, and a small baggie containing what appeared to be cocaine on the front passenger's seat floorboard.  Inside the vehicle, Llewellyn located a citation in Petitioner's name and a loaded revolver within inches of the baggie of drugs.  Llewellyn then went to Petitioner's apartment and arrested him.

It is well-established that under certain circumstances, officers may seize evidence in

plain view without a warrant. Horton v. California, 496 U.S. 128, 134, 110 S. Ct. 2301 (1990) (internal citation omitted). The plain view doctrine will support a warrantless seizure if: (1) the officer was lawfully in the position from which the object was plainly seen; (2) the object was in plain view; (3) the object's incriminating nature was immediately apparent--i.e., the officer had probable cause to believe the object was contraband or evidence of a crime; and (4) the officer had a lawful right of access to the object itself. See id. at 136-37; United States v. Paige, 136 F.3d 1012, 1023 (5th Cir. 1998); United States v. Buchanan, 70 F.3d 818, 826 (5th Cir. 1995).

The seizure in this case satisfies each of the above elements. Officer Llewellyn approached the car to investigate what he had reasonable suspicion to believe was an offense occurring within his view – Petitioner smoking a marijuana cigarette. The items viewed through the car window – the scale with some powder and the baggie of drugs on the floor board – were in plain view and their incriminating nature was immediately apparent. Lastly, Petitioner retained no expectation of privacy in a car parked in a public parking lot. Therefore, Officer Llewellyn had a lawful right of access to the car. The continued search of the vehicle and subsequent discovery of the gun in plain view was justified in light of the Officer's belief that the vehicle contained evidence of a crime.

With respect to Petitioner's contention that Llewellyn arrested him in his apartment in direct violation of Payton v. New York, 445 U.S. 573, 100 S. Ct. 1371 (1980), and Welsh v. Wisconsin, 466 U.S. 740, 104 S. Ct. 2091 (1984), his claim fares no better. The warrantless entry into a home for the purpose of either arrest or search is prohibited by the Fourth Amendment unless both probable cause and exigent circumstances are present. Welsh, 466 U.S. at 740, 104 S. Ct. at 2093; Payton, 445 U.S. at 583, 100 S. Ct. at 1378. In this case, Officer

Llewellyn had both probable cause and exigent circumstances.  Officer Llewellyn's observation of Petitioner smoking what appeared to be a marijuana cigarette, coupled with the subsequent discovery of the contents of the car, provided sufficient probable cause to arrest Petitioner without a warrant.  Moreover, Petitioner's decision to run away when the police arrived established sufficient exigent circumstances.

Petitioner has failed to show that the state court's decision rejecting his third ground was contrary to or an unreasonable application of clearly established federal law.  His third ground should therefore be denied.

In his fourth ground, Petitioner alleges counsel rendered ineffective assistance when he failed to request a limiting instruction concerning evidence that, at the time of his arrest, he was on bond for another drug case.  The failure to request a limiting instruction is not, by itself, ineffective assistance of counsel.  See, e.g., Ali v. State, 26 S.W.3d 82, 87 (Tex. App. -- Waco 2000).  Petitioner has not demonstrated that counsel performed deficiently by declining to call additional attention to such evidence by seeking a limiting instruction.  Nor can he establish prejudice as a result of counsel's failure; he has not shown that such objection or limiting instruction would have resulted in a different outcome at trial.  Cf. id. (while trial counsel should have requested a limiting instruction that defendant's pre-*Miranda* statement was admissible only for the limited purpose of impeachment, in prosecution for forgery, defendant failed to show that counsel's failure to request such instruction amounted to ineffective assistance, absent any evidence to rebut presumption that counsel's inaction was a trial tactic so as not to call further attention to incriminating statement or that the outcome would have been different but for counsel's inaction).  See also Strickland, 466 U.S. at 692, 104 S. Ct. 2052; Leonard v. Dretke,

2005 WL 3543348, *18 (N.D. Tex. 2005).

Petitioner has not shown that the state court unreasonably applied federal law in rejecting his fourth ground. See 28 U.S.C. § 2254(d)(1). Accordingly, it should be denied.

In his fifth ground, Petitioner alleges counsel did not adequately cross examine Officers Llewellyn and Figueroa to show inconsistencies in their testimony about what they observed Petitioner and the other man (purportedly Michael Garza) doing, and "who was inside or partially inside the vehicle." (Memorandum in Support at 13). In support, Petitioner relies on "a summary of inconsistencies and problems not brought out by trial counsel" totaling 77 pages, which purports to be an analysis of the entire trial and evidentiary hearing on the motion for new trial. (See Exh. A attached to Memorandum in Support).

Petitioner cannot show counsel performed deficiently in cross examining the state witnesses in question. While he relies on the above mentioned "summary," he fails to cite to any specific portions in support of his claim. In any event, a habeas court cannot second guess a counsel's strategic decision. Strickland, 466 U.S. at 690-691, 104 S. Ct. at 2066. In Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997), the Eighth Circuit Court of Appeals said that an ineffective assistance claim based on an allegedly deficient cross-examination "is not the type of error, if indeed it was error at all, that the Sixth Amendment functions to correct." The Court explained:

> "The cross-examination of a witness is a delicate task; what works for one lawyer may not be successful for another. Courts generally entrust cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel.... [Citation omitted.] We have recently observed that 'there are a few, if any, cross-examinations that could not be improved upon. If that were the standard of constitutional effectiveness, few would be the counsel whose performance would past [sic] muster."' '

Id. (quoting Willis v. United States, 87 F.3d 1004, 1006 (8th Cir. 1996)).  See also Bryant v. Scott, 28 F.3d 1411, 1415 (5th Cir. 1994) (strategic decisions are "virtually unchallengeable") (quoting Strickland, 466 U.S. at 691)); McCotter v. Lyons, 770 F.2d 529, 533 (5th Cir. 1985) (same).

Turning to Strickland's prejudice requirement, this Court finds that even if counsel's performance was deficient with regard to the cross-examination of Officers Llewellyn and Figueroa, Petitioner cannot carry his burden of demonstrating that the representation resulted in prejudice.  He has made no effort to prove that the allegedly deficient cross-examination of either officer probably changed the outcome of his trial.  See Strickland, 466 U.S. at 694, 104 S. Ct. 2052 ("[a] necessary condition for establishing prejudice is to show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different").  As Petitioner's counsel correctly recognized, the outcome of Petitioner's trial hinged on whether the jury would accept the defense theory that Michael Garza was in Petitioner's apartment attempting to sell the gun and drugs with which Petitioner was charged in this case, and that he was the person who put the gun and drugs in the car.  Ex parte Madrigal, No. 59,278-01, at 03-04 (trial counsel's affidavit).  In light of the above defense theory, it cannot be said that the outcome of the trial probably was altered by counsel's failure to cross examine Officers Llewellyn and Figueroa about inconsistencies in their testimony.

Petitioner cannot show that the state court's decision to deny relief on his fifth ground is contrary to or an unreasonable application of clearly established federal law.  Accordingly, it should be denied.

In his sixth ground, Petitioner contends that counsel did not adequately prepare Michael

11

Garza to testify at the motion for new trial. This claim is wholly conclusory. Ross, 694 F.2d at 1012. Petitioner does not explain what preparation counsel failed to provide, and how Garza's testimony would have been different with such preparation. Even assuming counsel's performance was deficient, Petitioner cannot demonstrate that the result of his motion for new trial would have been different. At the motion for new trial, Garza testified that the gun, scale, and drugs were his and that he left them in Petitioner's car when the police approached. The court of appeals concluded that the above evidence was "cumulative and corroborative of the defense offered by appellant at trial" and that the trial court did not err in denying the motion for new trial. Madrigal v. State, Nos. 11-01-00220-CR & 11-01-00221-CR, slip op. at 3-4. In light of the above, the alleged failure to prepare Garza to testify at the hearing on the motion for new trial would not have materially affected the outcome of the motion for new trial.

Petitioner has failed to show that the state court's decision to deny relief on his sixth ground is contrary to or an unreasonable application of clearly established federal law. His sixth ground should, therefore, be denied.

Lastly, Petitioner requests an evidentiary hearing. (See Memorandum in Support of Pet. at 6). However, the AEDPA limits the circumstances in which a habeas corpus petitioner may obtain an evidentiary hearing in federal court, imposing a significant burden on petitioners who fail to diligently develop the factual bases for their claims in state court. See Williams v. Taylor, 529 U.S. 420, 433-34, 120 S. Ct. 1479, 1489 (2000) (prisoners who are at fault for the deficiency in the state court record must satisfy a heightened standard to obtain an evidentiary hearing); 28 U.S.C. § 2254(e)(2). "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings."

12

Williams v. Taylor, 529 U.S. at 437, 120 S. Ct. at 1491.  Under the AEDPA, if a petitioner failed to develop the factual basis of a claim in state court, he is entitled to a federal evidentiary hearing only if (1) the claim relies on either (a) a new rule of constitutional law, made retroactive on collateral review by the Supreme Court, that was previously unavailable or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence *and* (2) the facts underlying the claim are sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense.  Foster v. Johnson, 293 F.3d 766, 775 n. 9 (5th Cir. 2002); 28 U.S.C. § 2254(e)(2).

Petitioner was afforded a full and fair opportunity to develop and litigate his claims for relief during his state habeas corpus proceeding.  Petitioner has presented this Court with no new evidence or factual theories supporting any of his claims that were unavailable to him, despite the exercise of due diligence, during his state habeas corpus proceeding.  Likewise, Petitioner does not identify any new legal theories supporting his claims for relief herein that were unavailable at the time he filed and litigated his state habeas corpus claims.  Petitioner does not offer any *rational* explanation for his failure to fully develop any and all evidence supporting his claims during his state habeas evidentiary hearing. Nor does he identify any additional evidence which he and his state habeas counsel were unable to develop and present to petitioner's state habeas court despite the exercise of due diligence on their part.  Under such circumstances, Petitioner is not entitled to a federal evidentiary hearing to further develop the facts supporting his claims.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court deny the petition for writ of habeas corpus.

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondent.

Signed this 28TH day of March, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Serv. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc) a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.